**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

MOUSTAPHA MAGASSOUBA,       :
                                      Civil Action No. 10-5989(FSH)
        Petitioner,    :

        v.             :   **OPINION**

ERIC H. HOLDER, et al.,     :

        Respondents.   :

**APPEARANCES:**

Petitioner pro se  
Moustapha Magassouba  
83623  
Bergen County Jail  
160 South River Street  
Hackensack, NJ 07601

Counsel for Respondents  
Daniel Shay Kirschbaum  
Office of the U.S. Attorney  
970 Broad Street  
Suite 700  
Newark, NJ 07102

Sarah B. Fabian  
U.S. Department of Justice  
Office of Immigration  
Litigation  
P.O. Box 868  
Ben Franklin Station  
Washington, D.C. 20044

**HOCHBERG**, District Judge

    Petitioner Moustapha Magassouba, an alien detainee currently confined at Bergen County Jail, in Hackensack, New Jersey, has submitted a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241[1] and an application for leave to proceed in forma

---

[1] Section 2241 provides in relevant part:

(a) Writs of habeas corpus may be granted by the

pauperis.  The respondents are Warden Robert J. Bigott and various federal officials.

Respondents were instructed to answer but instead have moved to dismiss.  For the sake of expediency, the Court will not require Respondents to submit a separate answer and will consider the motion to dismiss as the response to the Petition.  The Court has considered all written submissions.  For the reasons stated below, the Petition will be dismissed.

### I.   BACKGROUND

Petitioner is a native citizen of the Republic of Guinea.  He entered the United States through JFK Airport on a non-immigrant B1 visa on June 17, 1990 with an authorization to remain in the United States for ninety days.  Petitioner has remained in the United States since the expiration of the ninety day period without further authorization.  He married a citizen of the United States on November 12, 1999.

Petitioner was convicted of forgery on August 7, 2000.  Thereafter, he was issued a Notice to Appear before an immigration judge regarding the expired visa.  On August 8, 2002, his wife filed an I-130 petition for alien relative.

---

Supreme Court, any justice thereof, the district courts
and any circuit judge within their respective
jurisdictions.
(c) The writ of habeas corpus shall not extend to a
prisoner unless-- ... (3) He is in custody in violation
of the Constitution or laws or treaties of the United
States ... .

Petitioner was released from custody on July 31, 2003 and arrested shortly thereafter on August 12, 2003 on narcotics charges. His immigration proceedings were terminated for administrative purposes due to his custody related to the drug charges. He was eventually sentenced to time served on those charges on November 24, 2009; his appeal of that conviction and sentence is still pending. He was then taken into custody by United States Immigration and Customs Enforcement ("ICE") on November 27, 2009 and the immigration proceedings were reopened. A bond hearing was held on February 1, 2010 in which an immigration judge held that, based on the drug conviction, Petitioner poses a danger to society and is ineligible for bail. Petitioner did not appeal the denial of bail by the immigration judge.

The removal proceedings were then stayed for review of the I-130 petition for alien relative that had been filed by his wife, which was ultimately approved on April 29, 2010. The removal proceedings once again resumed and are currently pending. At a recent hearing before the immigration judge on March 8, 2011, that court held that due to his forgery conviction, Petitioner was ineligible for cancellation of removal. At that hearing, the judge also noted that, despite Petitioner's conviction for drug trafficking being currently on direct appeal, that conviction would like render Petitioner inadmissible to the

United States. Final briefing has been ordered by the immigration judge.

## II. STANDARDS FOR REVIEWING PRO SE PLEADINGS

A pro se pleading is held to less stringent standards than more formal pleadings drafted by lawyers. Estelle v. Gamble, 429 U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520 (1972). A pro se habeas petition and any supporting submissions must be construed liberally and with a measure of tolerance. See Royce v. Hahn, 151 F.3d 116, 118 (3d Cir. 1998); Lewis v. Attorney General, 878 F.2d 714, 721-22 (3d Cir. 1989); United States v. Brierley, 414 F.2d 552, 555 (3d Cir. 1969), cert. denied, 399 U.S. 912 (1970).

## III. DISCUSSION

Petitioner is currently detained pursuant to the discretionary detention provisions of 8 U.S.C. § 1226(a), which governs detention prior to the entry of a final order of removal. Section 1226(a) authorizes the Attorney General of the United States to issue a warrant for the arrest and detention of an alien pending a decision on whether the alien is to be removed from the United States. See 8 U.S.C. § 1226(a). Specifically, § 1226(a) provides:

> (a) Arrest, detention, and release
>
> On a warrant issued by the Attorney General, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States. Except as

> provided in subsection (c) of this section and pending such decision, the Attorney General--
>
> (1) may continue to detain the arrested alien; and
>
> (2) may release the alien on--
>
> (A) bond of at least $1500...; or
>
> (B) conditional parole; but
>
> (3) may not provide the alien with work authorization ... unless the alien is lawfully admitted for permanent residence or otherwise would ... be provided such authorization.

8 U.S.C. § 1226(a).

Section 1226(b) provides that "[t]he Attorney General at any time may revoke a bond or parole authorized under subsection (a) of this section, rearrest the alien under the original warrant, and detain the alien.  8 U.S.C. § 1226(b).

While Petitioner may assert that he is being held under 8 U.S.C. § 1226(c), that is not the case.  He is being detained regarding the overstayed visa, and a bond hearing was held in accordance with 8 U.S.C. § 1226(a).

This Court does not have jurisdiction to review Petitioner's challenges to the denial of bond by the immigration judge or any of the ongoing immigration proceedings being conducted by the immigration judge.  Pursuant to 8 U.S.C. § 1226(e), "[t]he Attorney General's discretionary judgment regarding the application of this section shall not be subject to review.  No court may set aside any action or decision by the Attorney

5

General under this section regarding the detention or release of any alien or the grant, revocation, or denial of bond or parole."

To the extent that Petitioner may be attempting challenge the still-pending removal proceedings against him, this Court may not intervene at this juncture since there has been no final order of removal.[2]

To the extent that Petitioner here cites to Zadvydas to support his claims, reliance on that case is not proper since the holdings in that matter pertain to post-removal period detention, a stage of detention that Petitioner has not yet achieved since he still awaits a final removal order.[3]

---

[2] 8 U.S.C. § 1252(b)(9) provides, in relevant part: "Judicial review of all questions of law and fact, including interpretation and application of constitutional and statutory provisions, arising from any action taken or proceeding brought to remove an alien from the United States under this subchapter shall be available only in judicial review of a final order under this section."

[3] Once a alien detainee has received a final order of removal, continued detention is pursuant to 8 U.S.C. § 1231(a), which governs the detention and removal of an alien subject to a final order of removal. Section 1231(a)(2) requires the detention of such aliens during the 90-day removal period. Detention beyond the end of the 90-day removal period is governed by the constitutional principles set forth by the Supreme Court in Zadvydas v. Davis, 533 U.S. 678 (2001). In Zadvydas, the Supreme Court held that post-removal-order detention is subject to a reasonableness standard. Specifically, once a presumptively-reasonable six-month period of post-removal-order detention has passed, a resident alien must be released if he can establish that his removal is not reasonably foreseeable. See Zadvydas v. Davis, 533 U.S. 678 (2001)

In this case, there are no facts to suggest that Petitioner's detention is indefinite, particularly since the immigration judge has ordered final briefings in anticipation of a final decision. Further, there has been no evidence presented that, should a final order of removal be issued, that there will be any problem with a removal to the Republic of Guinea.

## IV.   CONCLUSION

For the reasons set forth above, the Petition will be dismissed. An appropriate order follows.

s/ Faith S. Hochberg<br>
Faith S. Hochberg<br>
United States District Judge

Dated: August 31, 2011